_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAY 28 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | * Crim. No.: PJM 96-260 |
| **JEROME DERRICK HARRIS** | * |
| | * |
| Defendant | * |

### MEMORANDUM OPINION

Jerome Derrick Harris moves under 18 U.S.C. § 3582(c) to have his sentence reduced pursuant to Amendment 750 to the U.S. Sentencing Guidelines. Having reviewed the Motion, and the Government's Opposition thereto, the Court will **DENY** the Motion.

### I.

In October 1996, Harris pleaded guilty to Count 1 of the Superseding Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. § 846. ECF No. 39. According to the plea agreement's statement of facts, as recounted in the December 3, 1996 Pre-Sentence Report, the conspiracy lasted from on or about January 1994 through July 10, 1996. *See* ECF No. 73, at ¶ 8. On or about May 1, 1996, Harris's coconspirator, Mark Ardila, received approximately three kilograms of cocaine base and one kilogram of cocaine powder from associates of Harris who delivered the cocaine on behalf of Harris. *See id.* at ¶ 13. On or about June 20, 1996, Harris instructed a coconspirator to take a Jeep Cherokee, which was under police surveillance, to a garage and remove what was inside. Law enforcement officials seized the vehicle and recovered over 700 grams of cocaine base and a firearm. *See id.* at ¶ 14. Based on the investigative information

received from the government, Harris was held accountable for amounts in excess of 1.5 kilograms of cocaine, for purposes of guideline calculations. *Id.* at ¶ 15.

The Court sentenced Harris on March 3, 1997. His Base Offense Level under the then-extant Sentencing Guidelines was determined to be 38, because his criminal activity involved 1.5 or more kilograms of cocaine base. *See* ECF No. 73, at ¶ 18; U.S. Sentencing Guidelines Manual § 2d1.1(c)(5) (1996) (amended 2014). After a two point enhancement for possession of a firearm, a four point enhancement for his role in the offense, and a two point enhancement for obstruction of justice, his Combined Offense Level was 46. *See id.* at ¶¶ 18-25. With a Criminal History Category of IV, *see id.* at ¶¶ 41, and a Combined Offense Level of 46, and a guideline range of life imprisonment, Harris was sentenced to life.

In December 2001, this Court granted the Government's Rule 35 Motion to reduce Harris's sentence and amended its judgment. ECF No. 114. Harris's new guideline range was 360 months to life, based on a four level reduction of his Combined Offense Level to 42. The Court then resentenced him to 360 months imprisonment.

In July 2008, Harris moved to reduce his sentence pursuant to Amendment 706 to the Sentencing Guidelines. ECF No. 132. The Court denied his motion. ECF No. 147. It did so because, even though a two-level reduction under Amendment 706 would reduce Harris's Combined Offense Level to 40, the new Combined Offense Level would not have changed his sentencing guideline range of 360 months to life.

Subsequently, the Court accepted Harris's request to suspend payment on his fine until his release and amended the judgment once again in November, 2009. ECF No. 158. In short, the Court has never amended Harris's judgment on the basis of a change in the drug quantity table.

On June 1, 2012, Harris filed the instant motion *pro se*, asking for a reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 to the Sentencing Guidelines. ECF No. 163.

In the Motion filed by the Public Defender, Harris contends that under the Sentencing Guidelines, his Combined Offense Level should be reduced by four more levels, from 42 to 38. With the same criminal history category, that offense level would yield a guideline range of 324 to 405 months. Harris requests a sentence at the low end of the guidelines, or 324 months, because his current term of 360 months was the low end of his current applicable guideline range of 360 months to life. In support of this, Harris has attached a memorandum from the U.S. Probation Office dated February 23, 2012, which states that Harris was eligible to seek a reduced sentence under Amendment 750.

The Government, however, contends that Harris is ineligible for a reduction under Amendment 750. And in fact the U.S. Probation Office provided a revised memorandum dated April 1, 2014 that corrected certain errors in its February 23, 2012 memorandum,[1] concluding that Harris was ineligible for a sentence reduction under Amendment 750. This, again, would be because Harris's adjusted Combined Offense Level would result in the same guideline sentencing range as before.

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing cocaine base-related drug offenses, reduced by two levels the Base Offense Level assigned to each threshold quantity of cocaine base listed in the Guidelines' Drug Quantity Table. Thereafter, the Commission made

---

[1] The February 23, 2012 Memorandum indicates that Harris's sentence was amended under Amendment 706. The April 1, 2014 Memorandum also states that Harris's sentence was previously amended under Amendment 706. However, as noted above, the Court did not amend Harris's sentence under Amendment 706. *See* ECF No. 147.

Amendment 706 retroactive to March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir. 2010). Amendments 748 (effective Nov. 1, 2010), 750 (effective Nov. 1, 2011), and 759 (effective Nov. 1, 2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair Sentencing Act of 2010. Pub. L. No. 111-220, 124 Stat. 2372 (2010). Amendment 750 amended the drug quantity table in Section 2d1.1(c) to reduce offense levels for cocaine base offenses. It was made retroactive by Amendment 759.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

### III.

Harris argues that Amendment 750 requires a lowering of his Combined Offense Level by four levels, from 42 to 38. He bases his calculation on the assumption that he should only be held accountable for exactly 1.5 kilograms of cocaine base. Following his argument, under the Drug Quantity Table as amended by Amendment 750, 1.5 kilograms of cocaine would yield a base offense level of 34. With eight points added for enhancements, and four points for reductions, Harris's Total Offense Level would come out to 38. A Total Offense Level of 38 with a Criminal History Category IV would yield a guideline range of 324 to 405 months.

The Court does not accept this argument. It finds that Harris must be held accountable for more than 1.5 kilograms of cocaine base. While his plea agreement does say that he would be held accountable for amounts of cocaine in excess of 1.5 kilograms, the reason why the plea

agreement so stated was because 1.5 kilograms was the minimum threshold for the highest Base Offense Level at the time. *See* U.S. Sentencing Guidelines Manual § 2d1.1(c)(5) (1996) (amended 2014). But, as the US Probation Office's revised memorandum notes, Harris in fact acknowledged responsibility for 3.7 kilograms of cocaine base. *See* ECF No. 73, at ¶¶ 14-15. The Court, then, finds that Harris must continue to be held responsible for 3.7 kilograms of cocaine base. Under the Drug Quantity Table as amended by Amendment 750, 3.7 kilograms of cocaine base yields a Base Offense Level of 36; accounting for eight points of enhancements, and four points of reductions, Harris's Combined Offense Level comes out to 40. The Court notes that this would constitute a two level reduction from his current Combined Offense Level of 42. But again, with his Criminal History of IV, the applicable guideline range under Amendment 750 remains the same as before, which is 360 months to life. Accordingly, the Court finds that Harris is not eligible for a sentence reduction under Amendment 750.

The Court notes that Harris has also corresponded with this Court regarding Amendment 782 to the Sentencing Guidelines, ECF No. 166, which reduced the offense levels in the Drug Quantity Table under Amendment 750 by two levels. The Office of the Federal Public Defender has been appointed to represent defendants who qualify for the retroactive application of Amendment 782 and to file a motion with the Court on their behalf. The Court will consider Harris's eligibility for a sentence reduction pursuant to Amendment 782 should the Office of the Federal Public Defender determine that Harris qualifies to seek a sentence reduction and file a motion on his behalf.

## IV.

For the foregoing reasons, Harris's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c), ECF No. 163, is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

May 27, 2015